No. 24-2038

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
May 21, 2025
KELLY L. STEPHENS, Clerk

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff-Appellee, ) | |
| ) | |
| v.  ) | O R D E R |
| ) | |
| THEODORE JOHN TOLOFF, ) | |
| ) | |
| Defendant-Appellant. ) | |

Before: SUHRHEINRICH, BATCHELDER, and LARSEN, Circuit Judges.

Theodore John Toloff appeals his sentence following his guilty plea to making a false statement in connection with a bank loan. The government moves to dismiss the appeal based on the appellate-waiver provision in Toloff's plea agreement. Toloff opposes the motion.

"[A] defendant 'may waive any right, even a constitutional right, by means of a plea agreement.'" *United States v. Toth*, 668 F.3d 374, 377 (6th Cir. 2012) (quoting *United States v. Calderon*, 388 F.3d 197, 199 (6th Cir. 2004)). "A waiver provision is binding and forecloses appellate review if (1) the defendant's claim falls within the scope of the appeal waiver provision; and (2) the defendant 'knowingly and voluntarily' agreed to the plea agreement and waiver." *United States v. Milliron*, 984 F.3d 1188, 1193 (6th Cir. 2021) (citing *Toth*, 668 F.3d at 377–78).

Toloff argues that his "waiver of his right to appeal based on ineffective assistance of counsel" was not knowing or voluntary because "ambiguous" language in his plea agreement and

the explanation from the district court at his change-of-plea hearing led him to believe he could still bring a claim of ineffective assistance of counsel on appeal. However, these assertions are not supported by the record. Toloff's plea agreement provides that he cannot appeal his conviction on any grounds, he cannot appeal his sentence unless his sentence of imprisonment exceeded the top of the guideline range as determined by the district court, and he can bring a claim of ineffective assistance of counsel only on collateral review in a proceeding under 28 U.S.C. § 2255. There is nothing ambiguous or confusing in the plea agreement language. *See United States v. Mendez-Lopez*, No. 23-6113, 2025 WL 459907, *3–4 (6th Cir. Feb. 11, 2025) (analyzing similar language and concluding that "nothing about this provision is misleading or confusing"). The district court also accurately summarized the waiver at Toloff's change-of-plea hearing, and Toloff told the court that he understood the waiver terms and needed no further explanation. There is simply no contemporaneous evidence that Toloff misunderstood his waiver in the manner he now claims. *See United States v. Presley*, 18 F.4th 899, 905–06 (6th Cir. 2021) (analyzing "contemporaneous evidence" to determine whether defendant understood the consequences of his plea (quoting *United States v. Hobbs*, 953 F.3d 853, 857 (6th Cir. 2020))).

Toloff also asserts, without elaboration, that his plea was unknowing because "his lawyer's communications regarding the waiver were ineffective." While it is true that "[a] defendant may challenge a waiver of appeal rights on the grounds that it was . . . the product of ineffective assistance of counsel," *United States v. Detloff*, 794 F.3d 588, 592 (6th Cir. 2015) (quotation omitted), Toloff provides no explanation for how his counsel provided "ineffective" communications. And there is again no evidence in the record supporting Toloff's assertion. At his change-of-plea hearing, Toloff told the district court that he was satisfied with the advice and services he had received from his counsel. And in signing his plea agreement, Toloff "agree[d]"

that he "understands this entire document, agrees to its terms, has had all of his questions answered by his attorney, and is satisfied with his attorney's advice and representation." Because his claim lacks evidentiary support, Toloff can argue that his guilty plea should be vacated as the product of ineffective assistance of counsel only in a collateral review proceeding under § 2255. *See United States v. Ellis*, 115 F.4th 497, 503 (6th Cir. 2024) (holding that defendant could pursue claim of guilty plea being product of ineffective assistance of counsel only in "an evidence-backed § 2255 motion" because record lacked supporting evidence).

Toloff also argues that, even if his guilty plea was knowing and voluntary, his appellate waiver should not apply to his claim of ineffective assistance at his sentencing hearing as a matter of public policy because defendants cannot know when pleading guilty how their counsel will perform at sentencing. However, we have held that a defendant may waive his right to bring a future claim alleging ineffective assistance of counsel when he enters a plea agreement "knowingly, intelligently, and voluntarily." *See Davila v. United States*, 258 F.3d 448, 450–53 (6th Cir. 2001); *Hardin v. United States*, 595 F. App'x 460, 462 (6th Cir. 2014). Toloff's claim of ineffective assistance of counsel at sentencing is therefore within the scope of his waiver of his right to a direct appeal of his sentence, and that waiver applies because his sentence of imprisonment is not above the top of his guideline range calculated by the district court. As noted above, because his claim lacks evidentiary support, the proper vehicle for bringing his claim is a petition under § 2255.

Finally, Toloff argues that his appeal waiver is an "unreasonable adhesion contract" because it was offered to him on a "take-it-or-leave-it basis." He also asserts that "enforcement of the waiver would cause a miscarriage of justice." But we have "never expressly recognized the miscarriage-of-justice exception to the enforcement of appellate waivers in a published decision,"

*United States v. Mathews*, 534 F. App'x 418, 425 (6th Cir. 2013) (per curiam), and we have held that appeal waivers are not unenforceable "adhesion contract[s]" because defendants are free to reject plea agreements or attempt to negotiate their terms, *United States v. Robinson*, 455 F.3d 602, 610–11 (6th Cir. 2006). So too was Toloff.

Accordingly, the motion to dismiss is **GRANTED**.

ENTERED BY ORDER OF THE COURT

Kelly L. Stephens, Clerk